989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Russell Kevin VOSS, Defendant-Appellant.
 No. 92-5148.
 United States Court of Appeals, Tenth Circuit.
 March 12, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL J. KELLY, Circuit Judge.
 
 
 1
 In United States v. Voss, 956 F.2d 1007 (10th Cir.1992), a divided panel vacated Mr. Voss's sentence and remanded to the district court for resentencing in accordance with 18 U.S.C. § 3553(b).[1] Section 3553(b) is applied when a sufficiently analogous guideline for the offense does not exist and requires the district court to consider various factors contained in § 3553(a)(2). U.S.S.G. § 2X5.1. We held that U.S.S.G. § 2D1.1 was not a sufficiently analogous guideline for a pre-November 1, 1991, offense of conspiracy to possess listed chemicals with intent to manufacture methamphetamine. Voss, 956 F.2d at 1012-13. In so holding, we recognized, but did not apply, a substantive amendment to the Guidelines, U.S.S.G. § 2D1.11 (effective Nov. 1, 1991), which established a base offense for listed chemicals. Voss, 956 F.2d at 1011. See also United States v. Leed, 981 F.2d 202, 207 (5th Cir.1993) (panel adopted rationale of dissent in Voss, but agreed that § 2D1.11 "does not apply to conduct committed before its adoption").
 
 
 2
 Relying on § 3553(a)(5) which allows consideration of relevant policy statements in effect on the date of sentencing, the district court applied the amended guideline, U.S.S.G. § 2D1.11. III R. 7-9. Mr. Voss appeals claiming that the remand sentence is in violation of the ex post facto clause. His argument has two parts: (1) the district court did not comply with our mandate by applying § 2D1.11, rather than the factors in 18 U.S.C. § 3553(a)(2), and (2) application of § 2D1.11 is retrospective and to his disadvantage because he received a longer sentence on remand.
 
 
 3
 In its response to the defendant's objection to the presentence report, the government argued for application of § 2D1.11. See I R. doc. 42. On appeal, however, the government agrees that the district court did not comply with the mandate, and correctly points out that the potential ex post facto problem is the opportunity for an indeterminate sentence under § 3553(b), not the district court's use of a base offense level in excess of the incorrect one used in the vacated sentence. See Voss, 956 F.2d at 1009 n. 2 (indicating that correct base offense level for vacated sentence was 28, not 26). See Miller v. Florida, 482 U.S. 423, 432 (1987). Accordingly, on remand, the district court shall vacate the sentence and resentence in accordance with 18 U.S.C. § 3553(b). The motion for related case determination is DENIED.
 
 
 4
 REMANDED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We recognized that other circuits had not followed our course. Voss, 956 F.2d at 1011-12 (citing United States v. Kingston, 922 F.2d 1234, 1237-39 (6th Cir.1990), cert. denied, 111 S.Ct. 2054 (1991) and United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991)). That trend continues. See United States v. Leed, 981 F.2d 202, 207 (5th Cir.1993) (following Cook ); United States v. Hyde, 977 F.2d 1436, 1438-41 (11th Cir.1992)